UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOHN B. DEVILLIER, JR.** | **CIVIL ACTION NO. 07-254** |
| **VS.** | **SECTION P** |
| **CALCASIEU PARISH** | **JUDGE HAIK** |
| **DISTRICT ATTORNEY'S OFFICE** | **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION*

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff John B. Devillier, Jr., on February 14, 2007.

Devillier is incarcerated at the Calcasieu Correctional Center (CCC), Lake Charles, Louisiana, awaiting trial on charges of aggravated rape of juvenile and sexual battery of a juvenile. He names as defendant the Calcasieu Parish District Attorney's Office (DA).

Devillier alleges that the defendant is maliciously prosecuting him for a crime that he did not commit, namely aggravated rape of juvenile, and sexual battery of a juvenile. He seeks an award of 3 million dollars and the prosecution of defendant for wrongdoing.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] To the extent that Devillier is asking the court to do so, the undersigned notes that this court cannot impose criminal charges on the defendant. Such actions are within the province of the police department and district attorney's office of the parish were the alleged actions took place. The court's duty is to review Devillier's compliant for alleged violations of his constitutional rights, and not to act as a policeman for the plaintiff.

2

## STATEMENT OF THE CASE

Devillier complains about several occurrences that he claims constitute malicious prosecution. One such incident allegedly took place in March 2006, when he was scheduled to appear before a Grand Jury. Specifically, he states that the DA's office told his wife and step-daughter that his appearance before the Grand Jury, scheduled for the morning, had been postponed until the afternoon. His wife and step-daughter, who were to be witnesses on his behalf before the Grand Jury, were instructed to leave. Devillier claims that he was then transported back to CCC, only to be returned to the DA's office to testify in front of the Grand Jury. He states that this took place in the morning rather than in the afternoon.

Devillier then alleges that on October 25, 2006, Assistant District Attorney (ADA) Stephanie Cochran perjured herself by claiming to need more DNA samples from him. Devillier states that he had already given them enough DNA but that the DA's office wanted more for scientific research due to a rare genetic mutation contained in his genetic profile.

Next, Devillier alleges that his wife and step-daughter met with ADA Cochran in order to give a statement stating "that the person who put me in here has tried to do this with my stepdaughter Kristen Daigle claiming that someone molested her when she was a child and she refused and a few weeks prior to my arrest Barbara Harmon told my stepdaughter Kristen Daigle to tell my wife Judith Townley that I raped her to get me out of the house and away from my wife." [Doc. 1-1, pp. 7 & 8]. He then contends that ADA Cochran told his wife and step-daughter that there was no reason to believe him or what he says because he was a convicted felon, and that Barbara Harmon would be believed because she did not have a record. [Doc. 1-1, p. 8].

3

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).  A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991).  District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under §1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

4

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Based upon the pleadings, the undersigned is convinced that Devillier has presented the best case possible under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Devillier's allegations as true, and giving him the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### Malicious Prosecution/Malicious Slander Claims

In his complaint, Devillier brings his claims as falling under one of the above causes of action, namely malicious prosecution and/or malicious slander.  However, it does not appear that a §1983 claim for malicious prosecution is cognizable under the Constitution.  The Fifth Circuit has held that " 'malicious prosecution' standing alone is no violation of the United States Constitution" and that no "freestanding constitutional right to be free from malicious prosecution exists." *Castellano v. Fragozo*, 352 F.3d 939, 942, 945 (5th Cir. 2004).  Thus, it would appear that any claim for malicious prosecution would arise exclusively under state law.  *Castellano*, 352 F.3d at 960-61; *Smith v. Albertson's Grocery Stores*, 2004 WL 396884, n.4 (N.D. Tex. 2004).  Accordingly, Devillier's § 1983 claim in this regard must fail.

Further, Devillier seeks monetary damages under 42 U.S.C. § 1983 against the defendant as a result of "malicious slander."  However, Devillier has not alleged facts sufficient to state such a claim.  More specifically, § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and

5

laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132, 114 S.Ct. 2068, 129 L.Ed. 2d 93 (1994). To the extent slander can support a claim under 42 U.S.C. § 1983, Devillier must allege facts sufficient to state a claim under that statute. See *Mowbray v. Cameron County*, 274 F.3d 269, 277 (5th Cir.2001) (suggesting that a slander claim could fall under § 1983), *cert. denied*, 535 U.S. 1055, 122 S.Ct. 1912, 152 L.Ed.2d 822 (2002). Devillier does not state that any unspecified comments by defendant deprived him of a constitutional or other federal right. Devillier merely states that "the District Attorneys office made a 'verbal' statement that my wife Judith Townley and my stepdaughter Kristen Daigle said 'They demand I be released' that was never said. And furthermore the Assistant District Attorney told my wife and stepdaughter to leave the courthouse because there was no reason for them to be there." [Doc. 1-1, p. 3]. These allegations do not state a claim under § 1983. *Mowbray*, 274 F.3d at 277. Thus, Devillier's claim against the defendant in this regard lack an arguable basis in law and are therefore frivolous. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

**Immunity**

As shown above, Devillier has not stated a viable constitutional claim. However, assuming for arguments sake that he had alleged a valid constitutional violation, his claims would nevertheless fail. Specifically, Devillier has sued the Calcasieu Parish District Attorney's Office. A district attorney's office is not a legal entity capable of being sued. *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999)(Louisiana law does not permit a district attorney's office to be sued in its own name). Rather, the cause of action must be brought against the district attorney in his official capacity. *Id.* "Official capacity suits generally represent

6

another way of pleading an action against an entity of which an officer is an agent ." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5 Cir.1999) ( citing *Monell v. Dept. of Social Services*, 436 U .S. 658, 691 n. 55, 98 S.Ct. 2018, 2036 (1978)). Therefore, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159,166, 105 S.Ct. 3099, 3105 (1985) (citation omitted).   "[F]or purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities." *Burge*, 187 F.3d at 470.  Accordingly, for a plaintiff to state a cause of action against a district attorney in his official capacity, the court applies the principals used to determine liability against a municipality or other local government entity. *Id*.  In other words, had the plaintiff herein named the proper defendant, to establish liability on the part of Calcasieu Parish, he would have had to allege a policy or custom on behalf of the district attorney's office which caused the alleged constitutional deprivation. *Brooks v. George County, Mississippi*, 84 F.3d 157, 165 (5 Cir.1996) ( citing  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978)).  However, Devillier  does not allege that his causes of action in any way relate to such policy or custom of the district attorney's office.

Finally, had Devillier specifically named one of the assistant district attorneys as a defendant, his claims would still fail, as such would be barred by the doctrine of absolute immunity.  Such individual is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).  See also, *Boyd v. Biggers,* 31 F.3d

7

279, 285 (5th Cir. 1994), "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity," and, *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 276 (5th Cir. 2001). Further, "a prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir.1999) (internal quotation and citation omitted).

Devillier's claims against the ADA's herein clearly revolve around the prosecution of the claims against Devillier, which conduct is precisely the type of action protected by the absolute immunity umbrella afforded prosecutors. See, *Imbler*, at 431.

The conduct that Devillier claims of in this matter clearly revolves around the prosecution of the claims against him, and was undoubtably taken in the assistant district attorneys' or, for that matter, the district attorney's roles as the State's advocates, and is precisely the type of action protected by the absolute immunity umbrella afforded prosecutors. See, *Imbler*, at 431.

Accordingly,

**IT IS RECOMMENDED** that Devillier's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

8

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 19, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)